IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. 13-336 |
| ANTONIO JEFFCOAT, | CIVIL ACTION NO. 19-31 |
| Defendant. | |

**OPINION**

**Slomsky, J.**                                                                        February 6, 2024

**I.    INTRODUCTION**

Before the Court is Petitioner Antonio Jeffcoat's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 47.) The crux of Petitioner's argument is that his conviction for using and carrying a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A) should be vacated because his Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) is not a "crime of violence." For reasons that follow, the Court disagrees.

A conviction under 18 U.S.C. § 924(c)(1)(A) provides additional penalties to "any person who, during and in relation to any crime of violence ... uses or carries a firearm." Id. But it requires as part of the offense a qualifying "crime of violence." Id. A "crime of violence" is defined in the statute as an offense that is a felony and;

  (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).

1

The first clause in subsection (A) is known as the "elements" clause, and the second clause in subsection (B) is known as the "residual" clause. In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the "residual" clause in § 924(c)(3) is unconstitutionally vague. Therefore, offenses that had previously been considered "crimes of violence" under the "residual" clause are no longer "crimes of violence" and cannot serve as predicates for a § 924(c)(1)(A) conviction.

Petitioner argues that even without applying the "residual" clause, his § 924(c)(1)(A) conviction should be vacated because his Hobbs Act robbery conviction does not come under the "elements" clause.[1] But while Petitioner is correct that the "residual" clause is unconstitutional, Davis has no affect on his § 924(c)(1)(A) conviction because his Hobbs Act robbery conviction qualifies as a "crime of violence" under the surviving "elements" clause. See United States v. Stoney, 62 F.4th 108 (3d Cir. 2023). For this reason, the Court will deny Petitioner's Motion (Doc. No. 47) without an evidentiary hearing and a certificate of appealability will not be issued.

**II.     BACKGROUND**

On May 1, 2014, pursuant to a guilty plea agreement with the Government, Petitioner pled guilty to the following offenses: (1) Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); (2) possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two); and (3) using and carrying a firearm during and in relation to

---

[1] Because Petitioner's Motion was pending prior to Davis being decided, he had argued that the residual clause was unconstitutional based on two other cases in which similar "residual" clauses were challenged: Johnson v. United States, 135 S. Ct. 2251 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

In Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. Johnson, 135 S. Ct. at 2551. In Dimaya, the Supreme Court held that the "residual clause" of the federal criminal code's definition of "crime of violence" also was unconstitutionally vague. Dimaya, 138 S. Ct. at 1210.

a crime of violence and a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three). These convictions stem from his role in the 2013 robbery at gunpoint of Rosica Pharmacy in Philadelphia. (Doc. Nos. 1, 43.) In addition, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Petitioner and the Government stipulated in the plea agreement to a sentence of 183 months' imprisonment, consisting of a sentence of 99 months on Counts One and Two and a mandatory consecutive 84 months on Count Three for the Section 924(c)(1)(A) offense. (Id.)

On August 1, 2014, the Court accepted the parties' recommendation and sentenced Petitioner to 183 months' imprisonment, five years' supervised release, a fine of $2,000, restitution of $1,050 and a special assessment of $300. (Doc. No. 43.) Petitioner did not appeal the sentence. (Doc. No. 50 at 2.)

On January 4, 2019, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 47.) In his Motion, he argues that the predicate crime of Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). (See id.)

On February 14, 2019, the Government filed a Response opposing Petitioner's Motion.[2] (Doc. No. 50.) On December 2, 2022, Petitioner's case was reassigned from Judge C. Darnell Jones, II, to this Court. (Doc. No. 54.) For reasons that follow, Petitioner's Motion (Doc. No. 47) will be denied without an evidentiary hearing, and a certificate of appealability will not be issued.

## III.   STANDARD OF REVIEW

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set

---

[2] Petitioner did not file a Reply to the Government's Response in Opposition (Doc. No. 50.)

aside or correct the sentence" where: (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Section 2255(b) provides the procedure for reviewing the motion:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

§ 2255(b).

The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. See United States v. Vaughn, 704 F. App'x 207, 211 (3d Cir. 2017); Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must decide whether the petitioner's claims, if proven, would entitle him to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 909 F.2d 39, 41–42 (3d Cir. 1992)); see also United States v. Arrington, 13 F.4th 331 (3d Cir. 2021); Forte, 865 F.2d at 62.

IV.     ANALYSIS

In his § 2255 Motion, Petitioner argues that his § 924(c)(1)(A) conviction in Count Three should be vacated because his Count One Hobbs Act robbery conviction does not satisfy § 924(c)(3)'s "crime of violence" predicate requirement. As noted, this argument, however, is without merit in view of the Third Circuit's recent opinion in United States v. Stoney, 62 F.4th 108 (3d Cir. 2023). But before discussing the merits of Petitioner's "crime of violence" conviction, the Court must address whether his § 2255 Motion was timely filed.

First, Defendant's Motion is timely filed. Defendant filed his motion pursuant to 28 U.S.C. § 2255(f)(3) which provides that a one-year period of limitation applies to § 2255 motions running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Here, Defendant filed his § 2255 Motion on January 4, 2019. (See Doc. No. 47.) Davis was decided by the United States Supreme Court on June 29, 2019, over five (5) months after Defendant filed his § 2255 Motion. See Davis, 139 S. Ct. at 2324. The Third Circuit Court of Appeals has held that § 2255 motions dealing with the residual clause of § 924(c) are timely filed within one year of the Supreme Court's Davis decision. See United States v. Collazo, 856 F. App'x 380, 383 (3d Cir. 2021). Therefore, Defendant's Motion is timely under 28 U.S.C. § 2255(f)(3), even though when he filed his Motion he was relying on Johnson, supra, decided in 2015, and Dimaya, supra, decided in 2018.

As previously discussed, § 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" United States v. Davis, 139 S. Ct. 2319, 2324 (2019) (quoting 18 U.S.C. § 924(c)(1)(A)). The statute defines a "crime of violence" as;

an offense that is a felony and—

5

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B), commonly referred to as the "residual" clause, was held unconstitutional by the Supreme Court in <u>United States v. Davis</u>, 139 S. Ct. 2319, 2324 (2019). Subsection (A), commonly referred to as the "elements" clause, requires a court to determine "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." <u>Stoney</u>, 62 F.4th at 113. In <u>Stoney</u>, the Third Circuit did the analysis and concluded that a completed Hobbs Act robbery qualifies as a "crime of violence" under the "elements" clause. <u>Id.</u>

Here, the Third Circuit's decision is binding on this Court. Petitioner pled guilty to Hobbs Act robbery based on his role in an armed robbery of the Rosica pharmacy in Philadelphia. (Doc. No. 43.) Accordingly, following <u>Stoney</u>, Petitioner's Hobbs Act robbery conviction qualifies as a "crime of violence" under the "elements" clause and satisfies § 924(c)(1)'s predicate requirement.

V.     **CONCLUSION**

For the foregoing reasons, Petitioner's claim is without merit and will be denied without an evidentiary hearing because the record shows conclusively that he is not entitled to relief. When a court issues a final Order denying a § 2255 motion, the court must also decide whether to issue or deny a certificate of appealability. <u>See</u> 28 U.S.C. § 2255, R. 11(a). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court will not issue a certificate of appealability in this case because Petitioner failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473,

484 (2000).  An appropriate Order follows.